UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GWENDOLYN EPPS

versus

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION NO. 04-2309

JUDGE STAGG
**REFERRED TO:**
**MAGISTRATE JUDGE HORNSBY**

**MEMORANDUM RULING**

**Introduction**

Gwendolyn Epps ("Plaintiff") filed an application for Supplemental Security Income based primarily on right leg problems. Three earlier applications were all denied at the state agency level and not appealed further. Plaintiff pursued this claim to a hearing before ALJ Kim Fields. Plaintiff was 36 years old at the time of the hearing. She has a general equivalency diploma and no relevant past work experience.

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 416.920 and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). He found that Plaintiff was not working (step one) and suffered from lymphedema of the right lower leg and morbid obesity, impairments that are severe within the meaning of the regulations (step two) but not severe enough to meet or equal a listing that would deem Plaintiff automatically disabled (step three). He then reviewed the testimony and medical evidence and concluded that Plaintiff had the residual functional capacity ("RFC") for a

limited range of light work.[1]

Plaintiff had no past relevant work (step four). The ALJ then examined whether Plaintiff was capable of performing other work with her RFC (step five). Because Plaintiff could not perform the entire range of light work, the Medical Vocational Guidelines could not be used to direct a decision, but the ALJ noted that Rule 202.20 would result in a finding of "not disabled" if Plaintiff had been found capable of performing the full range of light work.

Vocational Expert ("VE") Charles Smith testified at the hearing. The ALJ asked him to assume a person 36 years of age, with a GED and the exertional ability to perform light work, but with limitations of standing no longer than one hour continuously or walking one hour continuously with no limit on ability to sit. The VE answered that such a person could perform the demands of jobs such as personal attendant, sewing machine operator I and check cashier. Tr. 318. Based on that testimony, the ALJ concluded that Plaintiff was not disabled.

The Appeals Council found no reason to review the ALJ's decision. Plaintiff appealed to this court for the limited judicial review permitted by 42 U.S.C. § 405(g). Both

---

[1]Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though a job may require lifting of only very little weight, it will still be classified as light rather than sedentary if it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. A person must have the ability to do substantially all of these activities to be found capable of performing the full range of light work. 20 C.F.R. §§ 404.1567(b) and 416.967(b).

parties have filed written consent to have a magistrate judge decide the case, so the case was automatically referred to the undersigned pursuant to a standing order of the district court.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Issue 1: Obesity**

Plaintiff's first assigned error is a general assertion that the ALJ lacked substantial evidence to support his decision that Plaintiff was not disabled. The argument under the stated issue points to only one asserted mistake in that respect, and that is an alleged failure to afford adequate weight and consideration to the fact that Plaintiff is obese. Obesity has been deleted from the listing of impairments, but an ALJ is still required to give consideration to the effect of obesity and the limitations that it may cause or aggravate. See Social Security Ruling 02-1p.

Dr. Hussein Alammar, an internal medicine physician, conducted a consultative

examination of Plaintiff in February 2000. Plaintiff complained of chest pain, anemia and recurrent cellulitis of her legs. Plaintiff was found to be 5'6" tall and weighed more than 350 pounds. Dr. Alammar suggested that Plaintiff stop smoking and reduce her weight. He stated that there was "no evidence on her examination to support her allegations, so I believe this patient should be able to perform the job duties of her peers." Tr. 287-90.

Dr. Alammar performed a second evaluation in January 2003. Plaintiff's only complaint at that time was right lower leg edema that she said had been present for the last six years. Plaintiff said she could walk up to half a mile and stand for up to 30 minutes. Her weight was still more than 350 pounds. Plaintiff's right calf was 27" in diameter, while her left calf was only 17". No back problems were noted, but Dr. Alammar stated that Plaintiff was "unable to bend or squat due to the right lower extremity problem." Heel walking and toe walking were "very difficult" on the right side, and Plaintiff's gait revealed significant limping on the right side. Dr. Alammar concluded that the combination of severe lymphedema of the right leg and morbid obesity "definitely affects [plaintiff's] ability to ambulate" although she was not using any assistive equipment and did not report any frequent falls. He opined that Plaintiff was not capable of performing "a labor-type duty." Plaintiff had no neurological or orthopedic problems in the upper extremities. Tr. 283-86.

Plaintiff testified at the hearing that she weighed 320 pounds when last weighed. When asked what limited her ability to work, she said that she could not stand for long due to pain in her bones. She estimated that she could walk no farther than the 30 steps from her

house to her church and could stand only the 10 minutes or so it takes her to wash dishes. She is able to lift clothes and pots and even her 40-pound baby, although the child was heavy to her and not lifted too often. Plaintiff said she could sit, but her treating physician (Dr. Garland Miller) told her to prop her leg up to keep it elevated.

Plaintiff testifies that she does some cooking, washes dishes, makes her bed, sweeps a little and does her laundry. She does not mop, vacuum or do yard work. Her brother does those tasks for her. She is able (without help) to get dressed, bathe and fix her hair. She arises at 6:30 a.m. to wake her children and get them ready for school. Tr. 304-13. Plaintiff's brother offered corroborating testimony. Tr. 314-16.

As noted above, Plaintiff does not point to any particular limitation that she believes should have been found or ability that was found incorrectly. Rather, she makes a general complaint that the ALJ did not afford sufficient weight and consideration to the fact that she is obese. The ALJ, however, discussed fully the medical records and their references to obesity, and he even concluded that Plaintiff's morbid obesity was a severe impairment for step two purposes. Tr. 16-17. He discounted Plaintiff's subjective claims of pain based on his assessment of her credibility, an issue on which the court owes a great deal of deference, but he nonetheless found that Plaintiff was limited to standing or walking for more than one hour continuously. The ALJ did not specifically cite Social Security Ruling 02-1p in his written decision, but his remarks indicate full consideration of obesity and its effect on Plaintiff's ability to work. That is sufficient to withstand the general attack raised on appeal.

See Doss v. Barnhart, 137 Fed. Appx. 689 (5th Cir. 2005) (ALJ's consideration of medical evidence related to obesity was sufficient indication that the ALJ considered the impact of obesity on the claimant's ability tow work).

**Issue 2: Obtaining and Maintaining Work**

Plaintiff raises two issues under this heading. She first complains that the jobs identified by the VE were not likely available in the rural area where she lives. The regulations are not designed to award disability based on whether a particular claimant can actually find and be hired for a certain job in the place where she lives. Rather, the regulations deem a person not disabled if she retains the RFC to perform the functional demands and job duties of past relevant work or other work that exists in the national economy and exists in significant numbers in the regional economy. The ALJ may look to sources such as the VE who testified in this case to find the ordinary requirements of a job and whether the job is available in significant numbers in the relevant economy. The inability of a particular claimant to find that job in her neighborhood or community is not relevant. If that were not the rule, persons who live in isolated areas or areas of high unemployment would be disabled when a person suffering the same or greater limitations in a more urban or economically fortunate area would be denied benefits. The regulations specifically state that a person will be found not disabled if his RFC and vocational abilities make it possible for him to do work which exists in the national economy even if the claimant remains unemployed because of his inability to get work, lack of job openings, cyclical economic conditions, or lack of work in the claimant's local area. See 20 C.F.R. § 404.1566(a)-(c).

Plaintiff also complains that there is no way she could maintain a job eight hours a day, 5 days a week. Plaintiff's argument about maintaining work invokes the Fifth Circuit's

<u>Singletary</u> decision, which interpreted disability under the Act to apply to cases in which a person is capable of working for short periods but cannot *maintain* a job because his impairment flares up too often.  <u>Singletary</u> does not, however, require every decision by an ALJ include a separate finding regarding the claimant's ability to maintain a job. <u>Frank v. Barnhart</u>, 326 F.3d 618, 621 (5th Cir. 2003). An ALJ's finding that a claimant can perform a certain level of work necessarily includes a finding that she is able to perform at that level not just intermittently but eight hours a day, five days a week.  A separate and express finding regarding maintaining work is required only when the claimant's ailment "waxes and wanes in its manifestation of disabling symptoms." <u>Id</u>.  <u>See</u> <u>also</u> <u>Dunbar v. Barnhart</u>, 330 F.3d 670 (5th Cir. 2003).  The ALJ's basic decision with respect to disability was upheld above, and there is no indication in this record that a separate finding with regard to maintaining employment was required.  For these reasons, a judgment will be entered affirming the Commissioner's decision to deny benefits.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 28th day of November, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE